UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

ASHLEYRAE AWKWARD,

    PLAINTIFF,

v.

EQUIFAX INFORMATION SERVICES, LLC,

    DEFENDANT.

Case No.: 2:20-cv-2263

JURY TRIAL DEMANDED

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

2. This action arises out of defendant Equifax Information Services, LLC ("Equifax") violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

3. Venue is proper in this District because the actions regarding Plaintiff's claims arose in this District and Defendant transacts business here.

### IDENTIFICATION OF THE PARTIES

4. Plaintiff AshleyRae Awkward ("Plaintiff") is a natural person who resides in the State of Tennessee. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

5. Defendant Equifax is a foreign limited liability company. Equifax is a consumer reporting agency, as that term is defined in the FCRA, 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS

6. Equifax has reported false accounts and information which do not belong to Plaintiff in

her credit reports for many years. Equifax has periodically deleted false accounts and information, but deleted accounts would reappear in Plaintiff's credit reports, and new false accounts and information would appear in Plaintiff's credit reports.

7. In 2014, in response to Plaintiff's disputes, Equifax deleted numerous false inquiries from Plaintiff's credit file, and provided Plaintiff with a copy of her credit report that was generally accurate. However, beginning in 2016 and 2017, Equifax included numerous false accounts in Plaintiff's credit report. In response to plaintiff's disputes, Equifax deleted some of the accounts in 2017, such as Ford Motor Credit, Elan, Republic Finance, Ally Financial, Veritas Instrument Rental, and Verizon Wireless/Southeast. However, it continued to report false accounts including Onemain, Macys DSNB, Southeast Financial, Southeast Financial Cu, and Chase.

8. Beginning in 2017, Equifax reported numerous delinquent student loans on Plaintiff's credit file. Plaintiff went to college on a scholarship and did not take on any student loans. Equifax included eight false Navient accounts as 120 days late, and eight U.S. Department of Education loans as assigned to collections.

9. In 2017, Equifax deleted the Southeast Financial CU, Macys/Dsnb, and Onemain accounts. However, Equifax falsely continued reporting the Chase, Navient and Department of Education accounts.

10. In April of 2017, Plaintiff obtained an Equifax credit report that included 0 public records, 0 negative accounts, and 0 collections. Plaintiff was relieved to have a clean credit report that reflected her positive credit history.

11. Plaintiff obtained a new Equifax credit report in May of 2019. It showed that Equifax was now reporting a new false Bank of America charge off account. In addition, Equifax was now reporting accounts that it had previously deleted in 2017, including Veritas, Ally Financial, FMC,

and two Southeast Financial accounts. Equifax was also again reporting numerous false student loan accounts.

12. In 2019, Plaintiff hoped to obtain a mortgage. She was not able to obtain the loan because of false and derogatory accounts included in her Equifax credit reports.

<u>CLAIMS FOR RELIEF</u>

FIRST CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(15 U.S.C. § 1681n)

13. Plaintiff realleges and incorporates paragraphs 1 - 12 as if fully set forth herein.

14. Equifax willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

   a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

   b) failing to comply with the reinvestigation and reinsertion requirements in 15 U.S.C. §1681i; and

   c) failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b.

15. As a result of Equifax's violations of the FCRA, plaintiff has suffered and continue to suffer damages, including lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

16. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

17. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

SECOND CLAIM FOR RELIEF

## FAIR CREDIT REPORTING ACT

(15 U.S.C. § 1681o)

18. Plaintiff realleges and incorporates paragraphs 1 - 12 as if fully set forth herein.

19. Equifax negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

    b) failing to comply with the reinvestigation and reinsertion requirements in 15 U.S.C. §1681i; and

    c) failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b.

20. As a result of Equifax's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation.

21. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

22. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Equifax as follows:

1. On Plaintiff's First Claim for Relief:

    a) Actual damages in an amount to be determined by the jury;

    b) Punitive damages in an amount to be determined by the jury; and

    c) Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief:

    a) Actual damages in an amount to be determined by the jury; and

b) Attorney fees and costs.

TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

                                   Respectfully submitted,

                                   */s/ Micah S. Adkins*
                                   Micah S. Adkins
                                   WD TN BAR NO. 8639I48AL
                                   THE ADKINS FIRM, P.C.
                                   1025 Westhaven Blvd., Suite 220
                                   Franklin, Tennessee 37064
                                   T:  (615) 370.9659
                                   F:  (615) 370.4099
                                   E:  MicahAdkins@ItsYourCreditReport.com
                                   *COUNSEL FOR PLAINTIFF ASHLEYRAE AWKWARD*